IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01186-PAB-KLM

ROSANNE ALFONSO, an individual,

    Plaintiff,

v.

SSC PUEBLO BELMONT OPERATING COMPANY, LLC, a Delaware limited liability company d/b/a Belmont Lodge Health Care Center,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant's **Motion to Strike** [Docket No. 42; Filed May 14, 2012] (the "Motion"). On June 1, 2012, Plaintiff filed a Response [#47]. On June 18, 2012, Defendant filed a Reply [#51]. The Motion is thus ripe for review.

    In the Motion, Defendant seeks to strike all of Exhibit 8 [#39-8] and specified portions of Exhibit 1 [#48-1], Exhibit 2 [#39-2], and Exhibit 3 [#39-3] to Plaintiff's Response [#39] to Defendant's Motion for Summary Judgment [#32]. The Court addresses each exhibit in turn.

**A.    Admissibility of Exhibit 8 Documents**

    Exhibit 8 consists of a copy of a Colorado Health Care Association award titled "Spotlight on Excellence" and a copy of a plaque recognizing Plaintiff's receipt of that award. [#39-8]. Defendant argues that this exhibit should be stricken in its entirety because: (1) Plaintiff failed to authenticate the exhibit pursuant to Fed. R. Evid. 901, and

(2) Plaintiff never disclosed or produced these items pursuant to Fed. R. Civ. P. 26. *See Motion* [#42] at 2.

**1.    Authentication**

Plaintiff responds to Defendant's failure-to-authenticate argument by asserting that: (1) the documents in Exhibit 8 are self-authenticating, (2) the Fed. R. Civ. P. 26(a) document used to originally disclose the award and the plaque authenticates them, and (3) they could be authenticated at trial by Plaintiff. *See Response* [#47] at 2-3.

With respect to the self-authentication argument, Fed. R. Evid. 902 governs self-authenticating evidence. That Rule provides for twelve categories of evidence that require no extrinsic evidence of authenticity prior to admittance: (1) domestic public documents that are sealed and signed; (2) domestic public documents that are not sealed but are signed and certified; (3) foreign public documents; (4) certified copies of public records; (5) official publications; (6) newspapers and periodicals; (7) trade inscriptions and the like; (8) acknowledged documents; (9) commercial paper and related documents; (10) presumptions under a federal statute; (11) certified domestic records of a regularly conducted activity; and (12) certified foreign records of a regularly conducted activity. Fed. R. Evid. 902(1)-(12). Plaintiff does not argue that the Exhibit 8 documents fall into any of these categories, and the Court finds that the award and plaque comprising Exhibit 8 do not fall into any of the listed categories in Fed. R. Evid. 902. The Court thus finds that Exhibit 8 is not self-authenticating.

In replying to Plaintiff's other authentication arguments, Defendant primarily relies on case law interpreting Fed. R. Civ. P. 56 prior to the substantial revisions promulgated in 2010. Prior to those revisions, Rule 56 "required that all documents be authenticated,

but the amendment deleted that requirement and replaced it with 'a multi-step process by which a proponent may submit evidence, subject to objection by the opponent and an opportunity for the proponent to either authenticate the document or propose a method . . . [for] doing so at trial.'" *Mitchell v. Zia Park, LLC*, __ F. Supp. 2d __, __, 2012 WL 310824, at *2 (D.N.M. Feb. 1, 2012) (quoting *Foreword Magazine, Inc. v. OverDrive, Inc.*, No. 1:10–cv–1144, 2011 WL 5169384, at *1–2 (W.D. Mich. Oct. 31, 2011)). Currently, then, in other words:

> As was true previously, courts can consider evidence that is currently in an inadmissible form. If an objection is made to an exhibit, the proponent of the exhibit has two options. One possibility is to correct the problem leading to the objection . . . . In the alternative, the proponent can explain how the contents of the exhibit will be submitted at trial so that the information is admissible.

*Mitchell*, 2012 WL 310824, at *3.

Here, Plaintiff's unsworn statements made in connection with her Fed. R. Civ. P. 26 disclosure obligations are insufficient to authenticate Exhibit 8. *See Skibo v. Rhodes*, No. CIV-10-1381-C, 2012 WL 1574584, at *2 (W.D. Okla. Apr. 3, 2012) (disregarding on summary judgment an unsworn document and statements therein for failing to meet evidentiary requirements pursuant to Rule 56). However, Plaintiff has proposed a method by which the exhibit may be admitted at trial; Plaintiff's purported ability to authenticate her own award and plaque is sufficient explanation as to how the contents of Exhibit 8 may be admissible at trial. *See Mitchell*, 2012 WL 310824, at *4 (stating that "testimony by a witness with knowledge is an acceptable way to demonstrate that an item is what it claims to be"); *see also* Fed. R. Evid. 901(b)(1). Accordingly, Defendant's failure-to-authenticate argument fails.

### 2.     Disclosure and Production

Defendant also argues that Exhibit 8 should be stricken because Plaintiff failed to properly disclose and produce the award and the plaque. *Motion* [#42] at 2-3. The parties are in direct conflict over whether Exhibit 8 was previously disclosed and produced. *See Reply* [#51] at 2-3 (asserting that Plaintiff failed to provide a copy of the Exhibit 8 documents, alternatively failed to accurately identify the location of the documents, and further failed to produce the documents in response to Defendant's Requests for Production); *Response* [#47] at 1, [#47-1] at 2-3 (providing a description of the Exhibit 8 documents and further stating that they were located in Plaintiff's EEOC/Colorado Civil Rights Division administration file and transmitted to Defendant by disk in adobe format). The parties have not provided sufficient information for the Court to resolve this conflict. However, as further discussed below, regardless of which party is correct, Defendant has failed to show that it was harmed by the alleged improper disclosure and non-production of these documents, which is a prerequisite for sanctions pursuant to Fed. R. Civ. P. 37(c)(1).

The Court assumes *arguendo* that Plaintiff failed to properly disclose/produce the documents comprising Exhibit 8. Fed. R. Civ. P. 37(c)(1) states, in part: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." This exclusionary sanction is thus mandatory, unless the failure to disclose was substantially justified or harmless or unless the Court finds some other sanction to be more appropriate. *See Asher v. Colgate–Palmolive Co.*, 278 F.R.D. 608, 611 (D. Colo. 2011); Fed. R. Civ. P. 37(c)(1).

Thus, here, if Plaintiff failed to properly disclose/produce the Exhibit 8 documents, these documents may be excluded not only from consideration on Defendant's Motion for Summary Judgment, but also on other motions, at hearings, and at trial. *See Innovatier, Inc. v. CardXX, Inc.*, No. 08-cv-00273-PAB-KLM, 2011 WL 4536970, at *4; *see also* Fed. R. Civ. P. 37(c)(1).

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (quoting *Mid–America Tablewares, Inc. v. Moqi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)). "A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *Id.* (citing *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir. 1998)). However, the Tenth Circuit has enumerated four factors the Court should use to guide its discretion in determining whether a Fed. R. Civ. P. 26(a) violation is substantially justified or harmless: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.* (citations omitted). The non-moving party has the burden of showing that it was substantially justified in failing to comply with Fed. R. Civ. P. 26(a) and that such failure was harmless. *See Sender v. Mann*, 225 F.R.D. 645, 655 (D. Colo. 2004) (citation omitted).

With respect to the first factor, Defendant first became aware that the documents existed on July 19, 2011, in connection with Plaintiff's Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1). *See* [#47-1] at 3. The disclosures stated, in part:

> Throughout my years at Belmont Lodge I received several awards. I have received fifteen Outstanding Awards of Excellence for the care that I gave to my residents at Belmont Lodge Nursing Home. I received an award from the Rural Club here in Pueblo which is a very prestigious and outstanding club . . . . This award was presented to me for outstanding professionalism as a CNA in the City of Pueblo . . . . I was also recognized as the 2008 1st Runner Up for the CNA of the Year. I have received 13 certificates from the Ombudsman for going above and beyond my duties to care for the residents of Belmont Lodge Nursing Home . . . .

[#47-1] at 3. Plaintiff generally stated at that time that the "[i]nformation and documents most relevant to this case are found in EEOC/Colorado Civil Rights Division administrative file . . . , copies of portions of the EEOC files . . . are being transmitted by disk in adobe format." *Id.* at 2. Plaintiff avers that the Exhibit 8 documents were part of this disclosure. *Response* [#47] at 1.

Defendant states that it tried to obtain copies of these documents on September 2, 2011, via its Request for Production No. 4, which asked for "[a]ll documents that support or tend to support the allegations in your Complaint, that refute or tend to refute any defense or affirmative defense asserted by Defendant, and/or that relate to any allegation or cause of action in your Complaint." [#42-1] at 5. Defendant asserts that Plaintiff failed to produce the Exhibit 8 documents in response to this Request. *Motion* [#42] at 3.

The deadline for discovery in this matter was extended for limited purposes to April 4, 2012, in part to provide the parties with time to finish responding to written discovery requests. *See Minute Order* [#28] at 1. Thus, even if Plaintiff failed to produce the Exhibit 8 documents, Defendant was aware of their purported existence at least as of July 19, 2011, approximately eight-and-a-half months before the final discovery deadline.

"A key policy goal of requiring parties to keep their disclosures current is 'to avoid trial by ambush.'" *Gallegos v. Swift Co.*, No. 04–cv–01295–LTB–CBS, 2007 WL 214416,

at *2 (D. Colo. Jan. 25, 2007) (citing *Macaulay v. Anas*, 321 F.3d 45, 50 (1st Cir. 2003)). Here, it appears that Plaintiff believed, rightly or wrongly, that she had already properly disclosed the Exhibit 8 documents in the course of mandatory discovery, and there is no indication in the record that Defendant ever explicitly raised this issue with Plaintiff in any form throughout the course of discovery. Defendant had notice of the existence of the Exhibit 8 documents yet failed to follow up on their disclosure (or lack thereof) despite ample opportunity in which to do so. The disclosure, whether or not fully compliant, still permitted Defendant "to make intelligent decisions regarding how [she would] efficiently use the limited number of depositions [and other discovery tools] permitted under the Rule 16 scheduling order." *Sender*, 225 F.R.D. at 656 (citation omitted). Defendant had an opportunity to determine how to utilize its allotted discovery, and no issue has been raised by either party demonstrating any harm or prejudice incurred by Defendant in connection with the alleged improper disclosure/production. Therefore, the Court finds that the first factor weighs in favor of finding that submission of the Exhibit 8 documents was harmless. *See* Fed. R. Civ. P. 37(c)(1).

Turning to the second and third factors, without a finding of prejudice, there is no need to consider whether it may be cured by Plaintiff or whether such cure would disrupt trial. Finally, with respect to the bad-faith factor, the Court finds no bad faith on the part of Plaintiff. Plaintiff clearly either disclosed or attempted to disclose the Exhibit 8 documents in its Initial Disclosures. *See Gallegos*, 2007 WL 214416, at *3 (holding that plaintiff, as non-movant, bore burden to justify untimely and otherwise deficient disclosures). Assuming the veracity of Plaintiff's belief in its assertions, there is no evidence that Plaintiff submitted the Exhibit 8 documents in bad faith. These factors, therefore, weigh in favor of finding that

Plaintiff's alleged failure to properly disclose/produce the Exhibit 8 documents was harmless.

Weighing the *Woodworker's Supply, Inc.* factors, the Court concludes that Plaintiff's alleged failure to properly disclose the Exhibit 8 documents was harmless. Thus, pursuant to the provisions of Fed. R. Civ. P. 37(c), the Court **denies** Defendant's Motion to the extent that Defendant seeks to strike Exhibit 8 to Plaintiff's Response.

## B.    Admissibility of Written Statements

Defendant also seeks to strike portions of written statements provided by Kelly Blackwell, C.N.A. ("Ms. Blackwell"), Plaintiff, and Evelyn Stanbery, C.N.A. ("Ms. Stanbery"). The Court addresses each in turn.

### 1.    Ms. Blackwell's Statements

Defendant seeks to strike the following two statements from the Declaration of Kelly Blackwell: (1) "[Plaintiff] did not regularly work with the confidential resident and would not have known the toileting practices followed with the resident," and (2) "I was not present for the October 20, 2009, incident with the confidential resident, but I know that [Plaintiff] was a 'by the book C.N.A.' and that she would have followed standard procedures if the confidential resident [had] asked to be toileted." [#39-2] at 2. Defendant argues that these statements should be stricken because Ms. Blackwell lacks personal knowledge to testify to these matters. *Motion* [#42] at 7. Plaintiff responds that the statements are admissible as lay witness opinion testimony pursuant to Fed. R. Evid. 701. In its Reply, Defendant narrows its argument, averring only that the following portions of the above statements are inadmissible: (1) Plaintiff "would not have known the toileting practices followed with the

resident," and (2) Plaintiff "would have followed standard procedures if the confidential resident [had] asked to be toileted." *See Reply* [#51] at 8.

Fed. R. Evid. 701 permits "a lay witness to testify in the form of opinions or inferences drawn from her observations when testimony in that form will be helpful to the trier of fact." *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 169 (1988). A lay witness's opinions are limited to those that are: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

Ms. Blackwell's statements that Plaintiff "would not have known the toileting practices followed with the resident" and that she "would have followed standard procedures if the confidential resident [had] asked to be toileted" are pure speculation. "Testimony which is grounded on speculation does not suffice to create a genuine issue of material fact to withstand summary judgment." *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 876 (10th Cir. 2004). Speculation from a third party concerning what Plaintiff knew or did not know and what she would have done is impermissible. *See* Fed. R. Civ. P. 701 (stating that lay opinions must be "rationally based on the perception of the witness"). Plaintiff has not laid a foundation for how these statements are based on Ms. Blackwell's perceptions. Accordingly, the Court **grants** Defendant's Motion to the extent that Defendant seeks to strike the statements that Plaintiff "would not have known the toileting practices followed with the resident," and (2) Plaintiff "would have followed standard

procedures if the confidential resident [had] asked to be toileted." *See* [#39-2] ¶¶ 10-11.[1]

### 2. Plaintiff's Statements

Defendant also seeks to strike the following three statements from the Declaration of Plaintiff: (1) "When she was the interim Director of Nursing, [Judy] Cook instructed other Certified Nursing Assistants to question daily residents I was caring for about the standard of care that I was providing;" (2) "My residents were questioned so much they felt harassed and my residents told me I was being retaliated against;" and (3) "Residents . . . , all under my care, told me that they were being questioned every day about my care. I told my residents just to tell the truth." [#48-1] ¶¶ 20-22. Defendant argues that these statements should be stricken because they are inadmissible hearsay and are not based on personal knowledge. *Motion* [#42] at 5. In additional, Defendant seeks to strike three additional statements made by Plaintiff in her affidavit because they describe events that are allegedly time-barred. *Id.* at 7 (referring to the Declaration of Plaintiff [#48-1] ¶¶ 3-6).

Plaintiff failed to respond in any manner to Defendant's argument with respect to Paragraph 20 ("When she was the interim Director of Nursing, [Judy] Cook instructed other Certified Nursing Assistants to question daily residents I was caring for about the standard of care that I was providing."). *See Response* [#47] at 3. Because Plaintiff failed to respond, the Court finds that Plaintiff has conceded Defendant's argument on this point, and the Court **grants** Defendant's Motion with respect to Paragraph 20. *See, e.g.*, *Parker v. Bd. of County Comm'rs of Shawnee County, Kan.*, No. 01-2533-CM, 2002 WL 31527763, at *1 (D. Kan. Nov. 5, 2002).

---

[1] In the interest of clarity, the Court observes that the remainder of Paragraphs 10 and 11 of the Declaration of Kelly Blackwell are not stricken.

Defendant argues that Paragraph 21 ("My residents were questioned so much they felt harassed and my residents told me I was being retaliated against.") constitutes inadmissible hearsay. *See Motion* [#47] at 6. Plaintiff responds that the statement is not hearsay and, further, even if it is, Fed. R. Evid. 803(1) provides an exception for admissibility of the statement. Despite Plaintiff's argument that "the statement is offered as circumstantial evidence of harassment and disparate treatment," the Court finds that the statement made in Paragraph 21 is hearsay because Plaintiff is clearly offering the statements to prove the truth of the matter asserted therein, i.e., that there was a pattern of harassment and disparate treatment by Defendant against Plaintiff that was observed by her residents. *See* Fed. R. Evid. 801(c) (stating that hearsay is "a statement that . . . a party offers in evidence to prove the truth of the matter asserted in the statement").

In addition, Plaintiff argues that the statement falls within the hearsay exception of Fed. R. Evid. 803(1) ("A statement describing or explaining an event or condition, made while or immediately after the declarant perceived it."). *See Response* [#47] at 3. A statement falls within that exception only if "(1) the declarant personally perceived the event described; (2) the declaration is a simple explanation or description of the event; and (3) the declaration and the event described are contemporaneous." *Ceroni v. 4Front Engineered Solutions, Inc.*, No. 11-cv-00667-BNB-KLM, 2012 WL 959408, at *4 (D. Colo. Mar. 21, 2012) (citing 5 Joseph M. McLaughlin, *Weinstein's Federal Evidence* § 803.03[1] (2d ed. 2011)). "A present sense impression is deemed trustworthy because (1) the statement and event are simultaneous, eliminating memory problems, and (2) there is little time for calculated misstatement." *Id.* Here, however, there is no indication that the statements made to Plaintiff were made simultaneously with the residents' alleged

observation of harassment and disparate treatment against Plaintiff. In addition, this exception "applies only to reports of what the declarant has actually observed through the senses, not to what the declarant merely conjectures." *Hernandez v. Valley View Hosp. Ass'n*, No. 10-cv-00455-REB-MJW, 2011 WL 1518663, at *1 (D. Colo. Apr. 20, 2011) (quoting *Brown v. Keane*, 355 F.3d 82, 89 (2nd Cir. 2004)). The statements at issue here are the result of unidentified declarants telling Plaintiff that she was the subject of harassment and/or disparate treatment; these statements are not perceptions of an event or events and are not contemporaneous statements as required by Fed. R. Evid. 803(1). *See Hernandez*, 2011 WL 1518663, at *1. Accordingly, the Court **grants** Defendant's Motion with respect to Paragraph 21.

In its Reply, Defendant narrows its argument to only a portion of Paragraph 22: "Residents . . . , all under my care, told me that they were being questioned every day about my care . . . ." *See Reply* [#51] at 5. Defendant and Plaintiff both assert the same arguments as they did with respect to Paragraph 21. The Court similarly finds that, despite Plaintiff's argument that "the statement is offered as circumstantial evidence of harassment and disparate treatment," the statement made in Paragraph 22 is hearsay because Plaintiff is clearly offering it to prove the truth of the matter asserted therein, i.e., that there was a pattern of harassment and disparate treatment by Defendant against Plaintiff that was observed by her residents. *See* Fed. R. Evid. 801(c). The Court also finds that Plaintiff's arguments that the statement falls within the hearsay exception of Fed. R. Evid. 803(1) fails. There is no indication that the statements made to Plaintiff were made simultaneously with the alleged questioning of the residents. In addition, again, the statement at issue results from unidentified declarants telling Plaintiff that she was the subject of questioning;

such statements are not perceptions of an event or events and are not contemporaneous statements as required by Fed. R. Evid. 803(1). *See Hernandez*, 2011 WL 1518663, at *1. Accordingly, the Court **grants** Defendant's Motion with respect to Paragraph 22.

Finally, Defendant argues that Paragraphs 3-6 of Plaintiff's Declaration should be stricken because they describe events that occurred outside of the statute of limitations imposed by Title VII. *Reply* [#51] at 6. Defendant cites to no Federal Rule of Evidence or case law that would permit the Court to strike background facts simply because they describe earlier events. Defendant was of course welcome to argue in its Motion for Summary Judgment that such facts were irrelevant to the analysis of Plaintiff's claims; however, there is no authority permitting the Court to strike portions of Plaintiff's Declaration simply because Defendant asserts they should not be considered in support of Plaintiff's claims. *See Hernandez*, 2011 WL 1518663, at *1 (stating that assessing the probative value of proffered evidence is a matter for the court's sound judgment). Accordingly, the Court **denies** Defendant's Motion with respect to Paragraphs 3-6.

### 3. Ms. Stanbery's Statements

Finally, Defendant also seeks to strike six statements in a letter written by Ms. Stanbery: (1) "[Plaintiff] stated that . . . (a resident) thought she needed the bed pan;" (2) "[Plaintiff] told me she had offered to put [the resident] in bed and put her on the bed pan;" (3) "[Plaintiff] told me she told [the resident] she could not do that;" (4) "[Stanbery] told [the resident that 'Plaintiff] knows you were asking for the bed pan and [Plaintiff] said you have to be put in bed so I can place the bed pan underneath you;[']" (5) "[Plaintiff] stated it is too dangerous to do it that other way;" and (6) "Lara Lee Lopez CNA . . . stated to me the only

way [the resident] goes to the bathroom is by hoyering her up and placing the trash can underneath her." [#39-3] at 1.

Plaintiff failed to respond in any manner to Defendant's argument with respect to Statements 4 and 6 above. *See Response* [#47] at 5. Because Plaintiff failed to respond, the Court finds that Plaintiff has conceded Defendant's argument on these points, and the Court **grants** Defendant's Motion with respect to Statements 4 and 6. *See, e.g.*, *Parker*, 2002 WL 31527763, at *1.

With respect to the remaining four statements,[2] Plaintiff argues that they are not hearsay and, even if they are, they fall under the hearsay exception provided by Fed. R. Evid. 803(3). Plaintiff asserts that the statements are not hearsay because they "can be used to show that Plaintiff did not abandon the confidential resident as alleged by the Defendant, but rather, turned her care over to Stanbery." *Response* [#47] at 5. However, as Defendant notes, Plaintiff is offering these statements to prove her version of events, i.e., that the resident thought she needed the bed pan, that Plaintiff offered to put the resident in bed and on her bed pan, and that Plaintiff told the resident that was not possible because it was too dangerous. *See* Fed. R. Evid. 801(c). The Court therefore finds that these statements are hearsay.

Plaintiff asserts that Fed. R. Evid. 803(3) provides a hearsay exception for these statements. *Response* [#47] at 5. That rule "permits an out-of-court statement regarding a declarant's then-existing state of mind where the statement serves as evidence of the

---

[2] (1) "[Plaintiff] stated that . . . (a resident) thought she needed the bed pan;" (2) "[Plaintiff] told me she had offered to put [the resident] in bed and put her on the bed pan;" (3) "[Plaintiff] told me she told [the resident] she could not do that;"and (5) "[Plaintiff] stated it is too dangerous to do it that other way." [#39-3] at 1.

declarant's intent to perform an act." *Allen v. Sybase, Inc.*, 468 F.3d 642, 659 (10th Cir. 2006). Plaintiff avers that Statements 1, 2, 3, and 5 demonstrate "Plaintiff's state of mind immediately after leaving the confidential resident." *Response* [#47] at 5. All of these statements allegedly conveyed to Ms. Stanbery were about past events and statements made to the resident. Fed. R. Evid. 803(3) may not be used to provide an exception for "a statement of memory or belief to prove the fact remembered or believed . . . ." Here, Plaintiff simply conveyed the memories of her interaction with the resident to Ms. Stanbery, speaking to a past act, not to a future act or intent to act by Plaintiff. *See Allen*, 468 F.3d at 659. Accordingly, the Court **grants** Defendant's Motion with respect to Statements 1, 2, 3, and 5.

### C.     Attorney's Fees

Defendant seeks attorney's fees and costs in connection with bringing the Motion based on Plaintiff's alleged failure to comply with Fed. R. Civ. P. 26 and disclose and produce the documents submitted as Exhibit 8 to her Response to Defendant's Motion for Summary Judgment. Fed. R. Civ. P. 37(c) vests broad discretion in the trial court in determining other appropriate sanctions, if any. *See Woodworker's Supply, Inc.*, 170 F.3d 985, 993 (10th Cir. 1999); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (noting that the district court's discretion should be given particularly wide latitude in imposing sanctions pursuant to Fed. R. Civ. P. 37(c)(1)). Because the Court has denied Defendant's Motion with respect to striking Exhibit 8, the Court finds that an award of sanctions is unjustified and therefore declines to award attorney's fees and costs in connection with the Motion. Thus, the Court **denies**

Defendant's Motion to the extent it seeks attorney's fees and costs.

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#42] is **GRANTED IN PART and DENIED IN PART**, as outlined above.

Dated: July 11, 2012

BY THE COURT:

*Kristen L. Mix* (signature)

Kristen L. Mix
United States Magistrate Judge