IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01186-PAB-KLM

ROSANNE ALFONSO, an individual,

    Plaintiff,

v.

SCC PUEBLO BELMONT OPERATING COMPANY, LLC, a Delaware limited liability company d/b/a Belmont Lodge Health Care Center,

    Defendant.

_____

**ORDER**
_____

This matter is before the Court on Plaintiff's Motion for Review of Taxation of Costs [Docket No. 94] filed by plaintiff Rosanne Alfonso on February 11, 2013. Defendant SCC Pueblo Belmont Operating Company, LLC ("Belmont") prevailed at trial and judgment was entered in Belmont's favor on January 11, 2013. Docket No. 90. As the prevailing party, Belmont filed a proposed bill of costs [Docket No. 91] on January 24, 2013. On February 5, 2013, the Clerk of Court allowed certain costs [Docket No. 93] in favor of defendant in the amount of $3,366.59. On February 11, 2013, Ms. Alfonso filed the instant motion, challenging the taxation of $800 for pre-trial preparation services performed by the company Visual Advantage. Docket No. 94 at 1, ¶¶ 3-4. Belmont has not filed a response.

Section 1920 of Title 28 provides that the clerk of court may tax the following items as costs awarded pursuant to Federal Rule of Civil Procedure 54(d)(1):

    (1)    Fees of the clerk and marshal;
    (2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
    (3)    Fees and disbursements for printing and witnesses;
    (4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
    (5)    Docket fees under section 1923 of this title;
    (6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Taxing costs is within the discretion of the district court, which discretion is bounded by the principle that only costs "reasonably necessary to the litigation of the case" should be taxed. *In re Williams Sec. Litig-WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009) (quoting *Mitchell v. City of Moore*, 218 F.3d 1190, 1204 (10th Cir. 2000)). The burden falls on the party seeking costs to "establish the amount of compensable costs and expenses to which it is entitled." *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248 (10th Cir. 2002). Reasonableness must be assessed based on the "particular facts and circumstances at the time the expense was incurred" and not with the benefit of hindsight. *In re Williams*, 558 F.3d at 1148.

"Courts have permitted the taxation of costs for the production of demonstrative exhibits and visual aids as 'exemplification and copies of papers' under 28 U.S.C. § 1920(4)." *Crandall v. City & Cnty. of Denver, Colo.*, 594 F. Supp. 2d 1245, 1251 (D. Colo. 2009); *see also Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1476 (10th Cir. 1997) ("we reject a bright-line rule and instead examine whether the circumstances in a particular case justify an award of costs for trial exhibits"). In determining whether costs for demonstrative exhibits are reasonable, "the Court should consider whether the

manner in which the evidence was presented was vital to its effectiveness, or whether it was simply a convenience or extravagance." *Crandall*, 594 F. Supp. 2d at 1251. Accordingly, "information that is presented in a form that is redundant, does little to aid in the Court's understanding of the evidence, or could have been effectively presented through less expensive means are not properly taxed." *Id*.

Belmont's proposed bill of costs lists $8,306.25 for "the use of visual aids at trial." Docket No. 91-1 at 1. Belmont submitted an invoice from Visual Advantage that included, among other costs, $800 for pre-trial preparation, as summarized in the following table. Docket No. 91-1 at 16.

| Hrs | Date | Description | Total |
| --- | --- | --- | --- |
| 1.75 | 1/2/2013 | Pre-trial preparation - database development - load exhibits into database and begin quality check | $280.00 |
| 2.50 | 1/3/2013 | Pre-trial preparation - database development - continue to quality check and [de-skew] exhibits, load demonstratives into database | $400.00 |
| 0.75 | 1/4/2013 | Pre-trial preparation - database development - load additional and replacement exhibits, finalize quality check of database and new exhibits | $120.00 |
| | | **Total Pre-Trial Preparation Due** | **$800.00** |

Instead of the $8,306.25 requested by Belmont for visual aids, the Clerk permitted only the recovery of the $800.00 billed by Visual Advantage for trial preparation. Docket No. 93 at 2.

Ms. Alfonso argues that Belmont did not carry its burden of demonstrating that the $800.00 paid to Visual Advantage to prepare a database of demonstrative exhibits

3

was reasonably necessary to the litigation. *See In re Williams*, 558 F.3d at 1148. Ms. Alfonso stresses that no special effects were required that could not have been rendered by the Court's ELMO system. Docket No. 94 at 3-4. In addition, she argues that the Visual Advantage bill does not fall within the list of taxable items in 28 U.S.C. § 1920. *Id*. at 3.

The cost for preparing demonstrative exhibits falls within 28 U.S.C. § 1920(4). *See Crandall*, 594 F. Supp. 2d at 1251. The information that defendants presented using the Visual Advantage system was not redundant and aided the Court and the jury in understanding the nature of Ms. Alfonso's responsibilities as an employee, Belmont's responsibilities in caring for residents, and the details of Belmont's investigation. *See Crandall*, 594 F. Supp. 2d at 1251. It was not unreasonable for Belmont to assume that the jury may expect a visual presentation of the evidence and for Belmont to provide that in an easily accessible mode. The Court finds that the use of Visual Advantage was reasonably necessary at the time the expense was incurred. *See In re Williams*, 558 F.3d at 1148. In addition, the sum taxed, one tenth of the total amount requested for visual aids, is reasonable in light of the service provided. Accordingly, it is

**ORDERED** that Plaintiff's Motion for Review of Taxation of Costs [Docket No. 94] is DENIED.

DATED April 18, 2013.

                                              BY THE COURT:

                                              s/Philip A. Brimmer
                                              PHILIP A. BRIMMER
                                              United States District Judge